SOLOMON *v.* WAKEM.

(Decided October 31, 1927.)

*Mr. Clinton D. Boyd* and *Mr. Carl J. Mueller,* for plaintiff in error.
*Mr. C. W. Elliott,* for defendant in error.

HAMILTON, P. J.  Defendant in error, Wakem, brought suit against the plaintiff in error on three trade acceptances for the sum of $109.50 each, made by the plaintiff in error, payable to M. W. Johnson, doing business as Manufacturers' Sales Company. Wakem bought the trade acceptances, and the same were indorsed to him by Johnson.

The defense was that Wakem was not a purchaser for value in good faith, and was not a bona fide holder in due course, without notice of any defects. The trade acceptances were given on an order for dishwashing machines, which Johnson never delivered to Solomon. The trade acceptances were executed May 5, 1925, at Middletown, Ohio, and were purchased by Wakem in Chicago May 21, 1925.

Upon the trial of the case, at the close of the evi-

dence, on motion of plaintiff, Wakem, the court instructed a verdict in his favor. It is contended that this was error; defendant claiming there was some evidence tending to show that Wakem was not a bona fide holder in due course.

The evidence is that Johnson brought the trade acceptances to Wakem's office in Chicago, and tendered them to him for discount. Wakem had discounted some of Johnson's paper previous to that time, and this is the only business he had with Johnson. When the trade acceptances were presented by Johnson, Wakem instructed his secretary to examine the rating of the maker, plaintiff in error here. His secretary reported the rating satisfactory, and Wakem purchased the trade acceptances, paying for the same by check, discounting the acceptances ten per cent. In the meantime, Johnson disappeared, and has not been heard of since by the parties to this action. Plaintiff in error refused to honor the trade acceptances when presented, and suit was brought.

There is much in the record regarding the fraudulent transactions of Johnson with the plaintiff in error and his disappearance. However, there is nothing in the record to connect Wakem with this conduct of Johnson, or to show that he knew of it, or had any connection therewith.

We have read the bill of exceptions, and are unable to find any evidence from which a reasonable inference might be drawn that Wakem was not a bona fide holder in due course, or that he had any knowledge of any fraudulent conduct on the part of Johnson at the time of the purchase.

It is stressed that Johnson, after having secured

the trade acceptances at Middletown, went to Chicago, and a few days later discounted the trade acceptances. If this should be considered as evidence of bad faith on the part of the purchaser, the ill effect on the business of the land is apparent.

Our conclusion is that there is no evidence to sustain the claim of bad faith, and that the trial court was correct in instructing the verdict as it did.

*Judgment affirmed.*

MILLS and CUSHING, JJ., concur.